UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BAM PROPERTIES LLC,

Plaintiff,

v.

CITY OF OROVILLE, et al.,

Defendants.

Case No. 2:26-cv-00041-CSK

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

(ECF No. 6)

Pending before the Court is Defendants City of Oroville, Patrick Piatt, and Richard Stanford's motion to dismiss Plaintiff BAM Properties LLC's Complaint.[1] (ECF No. 6.) A hearing was held on May 26, 2026. Christopher Moenig appeared as counsel for Plaintiff; Tyler Sherman appeared as counsel for Defendant. (ECF No. 14.)

For the reasons that follow, the Court GRANTS Defendants' motion to dismiss and dismisses the Complaint with leave to amend.

/ / /

/ / /

/ / /

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 9, 10, 11.)

1

## I.    BACKGROUND

### A.    Factual Allegations[2]

Plaintiff BAM Properties LLC alleges that it owns real property located at 2380 Oroville Quincy Highway in the City of Oroville (the "Property"). Compl. ¶ 14 (ECF No. 1). Plaintiff alleges that in November 2023, it submitted plans for a development project on the Property. *Id.* ¶ 21. On August 22, 2024, Plaintiff was notified that the project was approved and that permits would be issued for each of the six buildings on the Property pending payment of fees. *Id.* ¶ 26. Plaintiff alleges that Defendant City of Oroville accepted payment and issued permit numbers but did not actually issue the permits. *Id.* ¶¶ 31-32. On December 2, 2025, Plaintiff texted Defendant Richard Stanford, a City employee acting as building inspector, to schedule an inspection of the Property. *Id.* ¶ 40. Plaintiff alleges Defendant Stanford refused to perform the inspection because unresolved issues remained at a different property, located at 2040 High Street and owned by a different entity, Beck Investments LLC (the "High Street Property"). *Id.* ¶¶ 15, 41-42. Both Beck Investments LLC and Plaintiff have the same "agent representative," Alan Beck, who communicates with the City on behalf of both entities. *Id.* ¶ 17. Plaintiff alleges that, by performing numerous inspections and issuing successive corrective actions on a building permit for the High Street Property, the City has created "a moving target for closeout of the work and permit on the High Street property" that renders satisfactory performance impossible. *Id.* ¶¶ 33-37, 65.

Also on December 2, 2025, Plaintiff sent a written letter to Defendant Stanford formally requesting an inspection and requesting the identity of the City's "Building Official." *Id.* ¶ 44. Defendant Patrick Piatt, the City's Director of Community Development, responded to Plaintiff by email, stating that Plaintiff had "not been issued

---

[2]   These facts primarily derive from the Complaint (ECF No. 1), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs.*, 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

a permit" for the Property and could not obtain new permits or inspections until "outstanding corrections" at the High Street Property were resolved. *Id.* ¶¶ 9, 45-46.

Plaintiff further alleges that on December 4, 2025, a City employee issued a Stop Work Notice to Plaintiff, citing a general violation under Oroville Municipal Code § 9.08.050(u), which provides that "any condition in violation of Title 15 of the Oroville Municipal Code (pertaining to building regulations)" may constitute a nuisance. *Id.* ¶¶ 50-51. Plaintiff alleges the Stop Work Notice failed to identify a nuisance condition or an underlying violation of Title 15 of the Oroville Municipal Code, and Plaintiff received no further documentation regarding its purported violation. *Id.* ¶¶ 55, 60. The Stop Work Notice also lacked instructions for any administrative hearing, appeal, or review process. *Id.* ¶ 62.

Plaintiff alleges that, in violation of state and municipal law, the City has no appointed "Building Official" who may lawfully exercise or delegate authority to enforce Title 15 of the Oroville Municipal Code. *Id.* ¶¶ 56, 64, 86. Plaintiff alleges that Mr. Beck visited the City's offices on December 8, 2025 and requested to inspect the City's records identifying its Building Official. *Id.* ¶ 71. During this visit, the City front desk employee responded that they did not presently know how to retrieve the requested records and that they could not presently identify the City's Building Official. *Id.* ¶¶ 73-74. Mr. Beck was later contacted by Ron Belser, the City's Director of Code Enforcement, who allegedly identified Rick Mauldin as the City's Building Official. *Id.* ¶¶ 75-76. Plaintiff alleges that, based on its previous interactions with Mr. Mauldin, he appears to be a building plan reviewer working on behalf of a private consulting firm, and therefore Mr. Mauldin cannot be the City's appointed Building Official. *Id.* ¶¶ 80-83, 85.

Plaintiff alleges that the Stop Work Order and the City's refusal to conduct further inspections or release the building permit for the Property has prevented Plaintiff from completing foundation repairs at the Property, renting two units on the Property, and obtaining fire or hazard insurance for the Property. *Id.* ¶¶ 67-69.

/ / /

3

**B.    Procedural Posture**

Plaintiff filed its Complaint on January 6, 2026. (ECF No. 1.) Plaintiff brings two causes of action under 42 U.S.C. § 1983, alleging that Defendants' actions deprived Plaintiff of procedural due process and substantive due process. Compl. ¶¶ 89-97. Plaintiff seeks declaratory and injunctive relief, and attorneys' fees and costs. *Id.* at 17. On April 15, 2026, Defendants filed their motion to dismiss. (ECF No. 6). The motion is fully briefed. (ECF Nos. 6, 12, 13.) The Court held the hearing on the motion to dismiss on May 26, 2026. (ECF No. 14.)

**II.    LEGAL STANDARDS**

**A.    Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995).

**B.    Judicial Notice**

When reviewing a motion to dismiss, courts may consider undisputed facts contained in judicially noticeable documents under Federal Rule of Evidence 201 without

4

converting the motion to one for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This includes undisputed facts from documents attached to the complaint or those on which the complaint "necessarily relies." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (approving judicial notice of documents from judicial proceedings); *King v. California Dep't of Water Res.*, 561 F. Supp. 3d 906, 910 (E.D. Cal. 2021) (taking judicial notice of administrative agency records, including decisional documents); *Gamboa v. Tr. Corps.*, 2009 WL 656285, at *3 (N.D. Cal. Mar. 12, 2009) (taking judicial notice of recorded documents related to a foreclosure sale, including grant deed and deed of trust, as they were "part of the public record and [] easily verifiable").

### C.     *Colorado River* Doctrine

In *Colorado River*, the Supreme Court recognized that a stay or dismissal of federal proceedings in favor of parallel state proceedings may be warranted based on "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). The *Colorado River* doctrine applies only in "rare cases" and "only the clearest of justifications will warrant dismissal or stay." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1202 (9th Cir. 2021) (citing *Colo. River Water Conservation Dist.,* 424 U.S. at 819). Federal courts have an "unflagging obligation" to exercise jurisdiction, particularly where the plaintiff seeks relief under 42 U.S.C. § 1983. *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979).

The Ninth Circuit has articulated eight factors to determine the appropriateness of a stay pursuant to the *Colorado River* doctrine:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011). The factors do not operate as a mechanical checklist, and "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case. Some factors may not apply in some cases, and, in some cases, a single factor may decide whether a stay is permissible." *State Water Res. Control Bd.*, 988 F.3d at 1203 (internal quotation and citations omitted). A district court "must stay, rather than dismiss, an action when they determine they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990).

## III.    DISCUSSION

Defendants move to dismiss the Complaint on two primary grounds. First, Defendants argue that the Court should abstain from hearing this case because of an ongoing state court action. Defs. Mot. at 10-13 (ECF No. 6-1). In the alternative, Defendants argue that Plaintiff's due process claims are barred because state law provides an adequate remedy. *Id.* at 13-18. Plaintiffs oppose the motion to dismiss on Rule 12(b)(6) grounds and contend that abstention would not be appropriate. Pl. Opp'n. On reply, Defendants argue Plaintiff has failed to state procedural due process and substantive due process claims under 42 U.S.C. § 1983. Defs. Reply at 8-11. The Court first addresses Defendants' request for judicial notice.

### A.    Request for Judicial Notice

Defendants request that the Court take judicial notice of (1) the docket of a case currently pending in Butte County Superior Court, *BAM Properties LLC v. City of Oroville*, Case No. 26CV00248 (the "State Court Action"); and (2) the First Amended Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief, filed in the State Court Action by Plaintiff.[3] Defs. RJN at 2 (ECF No. 6-2). The Court may take judicial notice of documents from judicial proceedings. *See Harris*, 682 F.3d at 1132.

---

[3]  Plaintiff also filed a Notice of Related cases pursuant to Local Rule 123 regarding the same State Court Action. (ECF No. 6-3.)

6

Accordingly, the Court grants Defendants' request.

**B.      Motion to Dismiss**

1.      The State Court Action

In the State Court Action, Plaintiff alleges that the City violated the California Public Records Act by failing to adequately search for and produce records relating to the City's appointment of a Building Official. *See generally* First Amended Petition for Writ of Mandate and Complaint for Declaratory and Injunctive Relief, *BAM Properties LLC v. City of Oroville*, No. 26CV00248 (Cal Super. Ct. Butte Cnty. March 23, 2026) (ECF No. 6-2, Exh. B) ("Pet."). Plaintiff also alleges in the State Court Action that the City fails to comply with the California Building Code because it has no appointed Building Official, and therefore any enforcement actions under the California Building Code are unlawful and void. *Id.* at ¶¶ 96-104. For remedies, Plaintiff seeks declaratory and injunctive relief ordering the City to search for and disclose responsive documents under Plaintiff's California Public Records Act requests, plus a writ of mandate compelling the City to appoint a Building Official "or, in the alternative, prohibiting Respondent from exercising building-code enforcement authority unless and until such appointment is made." *Id.* at 31-32. Plaintiff also seeks a declaratory judgment that the City may not enforce the California Building Code without a lawfully appointed Building Official. *Id.* at 32. The State Court Action is currently active. *See* Defs. RJN, Exh. A.

2.      Abstention

Defendants contend that, in light of Plaintiff's pending State Court Action, the Court should decline jurisdiction over this case under the abstention doctrines laid out in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942) and *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Defs. Mot. at 10-11.

a.      Abstention Under *Brillhart*

Defendants argue that the Court should abstain from hearing this case because it contains a request for a declaratory judgment that involves state-law issues pursuant to the abstention doctrine in *Brillhart* and *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282-83

7

(1995). Defs. Mot. at 10. Under *Brillhart*, a federal district court may, in its discretion, abstain from hearing a declaratory judgment claim when a related lawsuit is pending in state court. *See Brillhart*, 316 U.S. at 495; *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1158 (9th Cir. 2012). A court generally undertakes a multi-factor analysis to determine whether *Brillhart* abstention is appropriate. However, "when other claims are joined with an action for declaratory relief . . . the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *Scotts*, 688 F.3d at 1159. "So long as the suit seeks more than merely declaratory relief . . . the entire action should be analyzed under the *Colorado River* framework." *Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 840 (9th Cir. 2017).

Here, Plaintiff's two causes of action under 42 U.S.C. § 1983 for violation of procedural due process and substantive due process seek more than declaratory relief. Plaintiff also seeks injunctive relief to stop the City's enforcement of the Stop Work Notice and to require Defendants to comply with the California Building Code in the permitting and development of the Property. Compl. at 17. *Brillhart* does not apply when injunctive relief is sought alongside a request for declaratory judgment. *See Am. Bankers Mgmt. Co., Inc. v. Heryford*, 885 F.3d 629 (9th Cir. 2018) (finding *Brillhart* abstention inapplicable where plaintiff seeks injunctive relief that is related to requested declaratory relief); *Vasquez v. Rackauckas*, 734 F.3d 1025 (9th Cir. 2013) (applying *Colorado River* doctrine rather than *Brillhart* because injunctive relief is not "merely ancillary" to a request for declaratory relief and is an independent claim).

Thus, the Court denies Defendants' motion to dismiss or stay based on *Brillhart* abstention and considers Defendants' motion under the *Colorado River* doctrine.

b.  *Colorado River* Doctrine

Defendants also argue the Court should stay or dismiss this action under the *Colorado River* doctrine because the cases are substantially similar. Defs. Mot. at 11. Defendants contend the *Colorado River* factors weigh in favor of dismissal or stay. *Id.* at

8

11-13. Plaintiff argues in opposition that this action and the State Court Action are "entirely different" because the State Court Action seeks to validate public rights under the California Public Records Act and compel the City to appoint a Building Official, whereas this action seeks relief from due process violations resulting from Defendants' unlawful imposition of permitting conditions and the Stop Work Notice against the Property. Pl. Opp'n at 9, 10. Plaintiff does not address the *Colorado River* factors. On reply, Defendants respond that while "exact parallelism" is not required for abstention, both cases seek similar declaratory and injunctive relief requiring the City to comply with the California Building Code, both cases involve "essentially identical facts," and both cases involve the question of whether "the City act[ed] lawfully in enforcing the Building Code[.]" Defs. Reply at 7-8 (ECF No. 13).

"Parallelism is a threshold requirement for a *Colorado River* stay." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838 (9th Cir. 2023). Courts must "consider[] whether the parallel proceedings address 'substantially similar' claims." *Seneca Ins. Co., Inc.*, 862 F.3d at 845. "Though 'exact parallelism . . . is not required,' substantial similarity of claims is necessary before abstention is available." *Id*. (quoting *Nakash*, 882 F.2d at 1416). Therefore, "the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal." *R.R. St. & Co. Inc.*, 656 F.3d at 982 (internal quotation marks and citations omitted); *Riaz v. Henry*, 2024 WL 2835713, at *4 (E.D. Cal. June 4, 2024) (denying motion to stay where parallelism not established as threshold requirement under *Colorado River*).

Here, although the State Court Action and this action have some overlap between the factual and legal issues, the state proceedings will not resolve this action. Plaintiff alleges in this action that Defendants' actions deprived Plaintiff of procedural and substantive due process. These issues will remain unresolved even if the State Court Action is completed. For example, although Plaintiff in the State Court Action seeks declaratory and injunctive relief regarding whether the City has a lawfully appointed Building Official and whether it may lawfully enforce the California Building Code in the

absence of an appointed Building Official, the state court could deny Plaintiff's requested relief without making affirmative findings that resolve the due process claims raised in this case. Further, Defendants' characterization of this action and the State Court Action as generally concerning whether "the City act[ed] lawfully in enforcing the Building Code" is incorrect. Defs. Reply at 8. Unlike in the State Court Action, Plaintiff alleges here that its due process rights were violated because the Stop Work Notice lacked sufficient notice of Plaintiff's purported violation and of Plaintiff's appeal rights, and because Defendants halted Plaintiff's construction activity on other improper grounds. Compl. ¶¶ 91, 92, 96. Thus, this Court does not have the required "full confidence" that the State Court Action will end the federal litigation. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 277 (1988)).

Because this Court has substantial doubt that the state proceedings will resolve all the claims raised in this federal action and the parallelism factor is a necessary precondition to granting a *Colorado River* stay or dismissal, the Court denies Defendants' motion to dismiss or stay under *Colorado River*. *See R.R. St. & Co.*, 656 F.3d at 982; *Riaz*, 2024 WL 2835713, at *4; *Lampson v. City of Bainbridge Island*, 2005 WL 8173023, at *3 (W.D. Wash. Oct. 7, 2005) (denying motion to stay because state court action determining validity of local moratorium on shoreline development would not determine plaintiffs' civil rights claims).

### 3.    Failure to State a Claim

Plaintiff asserts two § 1983 causes of action, alleging that Defendants violated Plaintiff's rights to procedural due process (First Cause of Action) and substantive due process (Second Cause of Action). Defendants argue that the Complaint fails to state a procedural due process claim because Plaintiff does not plead a constitutionally protected property interest and even if Plaintiff had a constitutionally protected property right, adequate process is available for Plaintiff to challenge Defendants' actions outside federal litigation. Defs. Mot. at 14-16; Defs. Reply at 8-9. As to the substantive due

process claim, Defendants argue on reply that the Complaint's allegations fall short of pleading arbitrary and irrational conduct by the City to meet the standard for a substantive due process claim. Defs. Reply at 11. Defendants also raise a new argument in their reply—that the Takings Clause of the Fifth Amendment applies rather than the Fourteenth Amendment. *See id*. at 10-11. Defendants also assert a merits argument, that they acted pursuant to state and municipal law. Defs. Mot. at 16-18. To the extent Defendants raised new arguments in their reply, the Court provided Plaintiff with the opportunity to respond at the hearing.

a.      Deprivation of Protected Property Interest

To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Further, to state a procedural due process claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see Bd. of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Where a constitutionally protected liberty or property interest is at stake, determination of what process is due is a fact-specific inquiry. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Similarly, to state a substantive due process claim under 42 U.S.C. § 1983, a plaintiff must allege a deprivation of life, liberty, or property in a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir. 1998).

Liberty or property interests may arise from the United States Constitution or from state law. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976); *Shanks v. Dressel*, 540 F.3d 1082, 1091 (9th Cir. 2008) (a governing state statute that compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, creates a constitutionally protected property interest). For a plaintiff "[t]o

11

have a property interest in a benefit . . . . He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Roth*, 408 U.S. at 577. If a plaintiff asserts a property right in a building permit, it must establish the legal basis for its entitlement to the permit. *See John Ketch LLC v. San Juan Cnty.*, 759 F. Supp. 3d 1121, 1134 (W.D. Wash. 2024) (dismissing due process claims because plaintiff does not identify legal basis in statutory language for claimed property right in building permit or the process to appeal permit denial); *Shanks*, 540 F.3d at 1091-92 (holding that plaintiff failed to allege property interest in proper procedure for permitting decisions because no ordinances imposed affirmative duties on municipal defendants that limited discretion).

In its opposition, Plaintiff asserts that it sufficiently alleges protected property interests, namely, "to proceed under the City's permitting process after submitting plans, obtaining approval, and paying required fees, including the right to proceed with approved improvements, obtain inspections, complete permitted construction, and make lawful use of its property." Pl. Opp'n at 4. On reply, Defendants argue that Plaintiff's allegations fail because Plaintiff has no legitimate claim of entitlement to permits that have yet to be issued, and Plaintiff fails to provide supporting authority for any other listed property interest. Defs. Reply at 8-9.

The Court agrees with Defendants. The Complaint fails to sufficiently allege either a procedural or substantive due process claim because its allegations concerning Plaintiff's property interests are conclusory. *See* Compl. ¶ 90. "The threshold question for purposes of due process analysis . . . is not whether Plaintiffs have a constitutionally protected property interest in the 'legitimate use' of their land, but whether Plaintiffs have a constitutionally protected interest in licenses (or other forms of authorization)." *Harris v. Henry Miller Reclamation Dist. No. 2131*, 2022 WL 209235, at *4 (E.D. Cal. Jan. 24, 2022). Plaintiff provides no supporting allegations to establish a legitimate claim of entitlement to either (1) the issuance of a permit itself to build on the Property or (2) procedures for obtaining the permit. *See John Ketch LLC*, 759 F. Supp. 3d at 1134;

12

*Shanks*, 540 F.3d at 1091-92. Accordingly, the Court dismisses both due process causes of action under 42 U.S.C. § 1983 with leave to amend to the extent Plaintiff can allege additional supportive facts.

b.    Takings Clause Preemption

Defendants raise a new argument in their reply that the Fifth Amendment Takings Clause preempts Plaintiff's substantive due process claim insofar as Plaintiff alleges "the loss of use of [Plaintiff's] property through permitting and enforcement decisions." Defs. Reply at 10-11. At the motion to dismiss hearing, Plaintiff was given the opportunity to respond to Defendants' argument. Plaintiff argued that it has been deprived of its ability to work on its own property and that the Takings Clause provides an additional avenue for relief, rather than precluding its due process claims.

Defendants' preemption argument fails. The Ninth Circuit has held that "the Fifth Amendment does not invariably preempt a claim that land use action lacks any substantial relation to the public health, safety, or general welfare." *Crown Point Dev., Inc. v. City of Sun Valley*, 506 F.3d 851, 856 (9th Cir. 2007); *see also Shanks*, 540 F.3d at 1087 (collecting cases). "The Takings Clause is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference. Due process violations cannot be remedied under the Takings Clause, because if a government action is found to be impermissible . . . that is the end of the inquiry." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo*, 548 F.3d 1184, 1194 n.17 (9th Cir. 2008) (quoting *Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 537, 543 (2005)) (cleaned up) (emphasis in original).

Here, Plaintiff alleges Defendants' permit withholding and enforcement activity was arbitrary, capricious, and pretextual. *See* Compl. ¶¶ 3, 13, 95-97. Plaintiff also alleges that "Defendants' enforcement actions were not the product of neutral application of building or safety standards." *Id.* ¶ 64. At this time, the Court need not address whether these allegations otherwise state a substantive due process claim because, as explained above, Plaintiff fails to allege a sufficient property interest. However, to the

13

extent Defendants argue that Plaintiff's substantive due process claim is *per se* preempted by the Takings Clause, this argument is foreclosed by prevailing Ninth Circuit law. *See Crown Point*, 506 F.3d at 856; *Shanks*, 540 F.3d at 1087; *Novin v. Fong*, 2014 WL 6956923, at *5 (N.D. Cal. Dec. 8, 2014); *Merrill v. Cnty. of Madera*, 2013 WL 1326542, at *6 (E.D. Cal. Mar. 29, 2013).

Because the Court finds that Plaintiff has not sufficiently alleged procedural or substantive due process claims under Section 1983, the Court need not consider Defendants' remaining arguments that (1) Plaintiff failed to utilize available administrative and judicial remedies, (2) the City had lawful authority to act without an individually appointed Building Official, or (3) the City had lawful authority to enforce building code violations through nuisance abatement procedures. Defs. Mot. at 14-18. The Court further notes that Defendants present these arguments as merits arguments rather than Rule 12(b)(6) arguments regarding the Complaint's allegations. *See id*.; Defs. Reply at 11-13. For example, Defendants argue that Plaintiff failed to utilize the correct administrative remedy (i.e., writ of mandate to compel a hearing), but the Complaint alleges that there were no administrative or judicial remedies available. Compare Defs. Mot. at 14, *with* Compl. ¶¶ 25, 91, 92.

### C.   Leave to Amend

Because the defects in Plaintiff's Complaint could be corrected by amendment, the Court grants Plaintiff leave to amend its Complaint. *See Lopez*, 203 F.3d at 1130-31; *Cato,* 70 F.3d at 1106. If Plaintiff elects to file an amended complaint, it should be titled "First Amended Complaint" with reference to the appropriate case number. An amended complaint must be complete in itself without reference to any prior pleading. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. Local Rule 220.

### IV.   CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1.    Defendants' motion to dismiss (ECF No. 6) is GRANTED;

2.    The Complaint (ECF No. 1) is DISMISSED with leave to amend; and

3.    Plaintiff is GRANTED LEAVE to file an amended complaint as provided above within thirty (30) days of this Order. If Plaintiff does not timely file an amended complaint, this will be interpreted as consent to dismissal of this action.

Dated:  May 29, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, bam.0041.26

15