UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAM PROPERTIES LLC,<br>Plaintiff,<br>v.<br>CITY OF OROVILLE, et al.,<br>Defendants. | Case No. 2:26-cv-00041-CSK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL<br><br>(ECF No. 24) |

Pending before the Court is Plaintiff BAM Properties LLC's motion for an extension of time to file its notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5).[1] (ECF No. 24.) Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court GRANTS Plaintiff's motion for an extension of time and accepts as timely Plaintiff's notice of appeal filed at ECF No. 23 on September 25, 2026.

/ / /

/ / /

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 9, 10, 11.)

## I. BACKGROUND

The Court refers to and incorporates the background provided in its August 18, 2026 Order. *See* 8/18/2026 Order (ECF No. 21). It its August 18, 2026 Order, the Court granted Defendants City of Oroville, Patrick Piatt, and Richard Stanford's motion to dismiss and dismissed Plaintiff BAM Properties LLC's First Amended Complaint without leave to amend. *See id.* That same day, August 18, 2026, the Court entered judgment. 8/18/2026 Judgment (ECF No. 22).

Plaintiff's counsel declares he reviewed the Court's August 18, 2026 Order on August 25, 2026 and spoke with his client around that time regarding the option to appeal. Declaration of Christopher J. Moenig ¶¶ 3 (ECF No. 24-1). Between August 27 and September 9, 2026, Plaintiff's counsel also conferred with counsel for the City of Oroville regarding potential resolution of the parties' litigation. *Id.* ¶ 4. Plaintiff's counsel confirmed in a meeting with his client on September 3, 2026 that Plaintiff intended to appeal. *Id.* According to Plaintiff's counsel, he inadvertently recorded a deadline to file the notice of appeal for September 28, 2026. *Id.* ¶ 6. Plaintiff's counsel states he discovered this mistake on September 24, 2026 when starting to prepare the notice of appeal. *Id.* ¶ 10.

On September 25, 2026, Plaintiff filed a notice of appeal (ECF No. 23) and a motion for an eight-day extension of time to file the notice of appeal, through and including September 25, 2026 (ECF No. 24). Defendants filed an opposition on October 9, 2026; Plaintiff replied on October 14, 2026. (ECF Nos. 28, 29.)

The appellate proceedings in the Ninth Circuit indicate that on October 5, 2026, the parties filed a joint motion to stay the appeal pending resolution of Plaintiff's motion before this Court. Jt. Mot., *BAM Properties, LLC v. City of Oroville*, No. 26-6448 (9th Cir. Oct. 5, 2026), ECF No. 4. On October 21, 2026, the appellate case was administratively closed until December 18, 2026. Order, *BAM Properties, LLC v. City of Oroville*, No. 26-6448 (9th Cir. Oct. 21, 2026), ECF No. 8.

/ / /

## II. LEGAL STANDARDS

An appeal "from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a)(1). The notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A).[2] However, the district court may extend the time to file a notice of appeal if "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires," and "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

## III. DISCUSSION

To render timely its September 25, 2026 notice of appeal, Plaintiff seeks an extension of the time to file a notice of appeal under Rule 4 based on the sole ground of excusable neglect. Pl. Mot. at 1 (ECF No. 24). Plaintiff contends that excusable neglect exists because the eight-day delay in filing its notice of appeal was unintentional, caused no prejudice to Defendants, and was promptly addressed upon Plaintiff's counsel's discovery of his calendaring mistake. *Id.*

"Inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect. Nonetheless, . . . there may be some circumstances in which simple inadvertence could be excusable neglect." *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) (citation modified). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v.*

---

[2] A longer 60-day period to file a Notice of Appeal applies where the United States government is a party to the case. *See* Fed. R. App. P. 4(a)(1)(B).

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (applying "*Pioneer*" factors to motion for extension of time to file notice of appeal). District courts may also look at other factors "such as whether the lawyer had otherwise been diligent, the propensity of the other side to capitalize on petty mistakes, the quality of representation of the lawyers . . . and the likelihood of injustice if the appeal was not allowed." *Pincay*, 389 F.3d at 859. "There should . . . be no rigid legal rule against late filings attributable to any particular type of negligence." *Id.* at 860. "[T]he trial court has wide discretion as to whether to excuse the lapse." *Id.* at 859.

Here, the Court finds that Plaintiff has adequately demonstrated excusable neglect. First, the prejudice to Defendants by an eight-day delay in filing the notice of appeal is minimal. Although Defendants argue in opposition that Plaintiff's delay creates substantial prejudice because Defendants will have to incur significant expense in litigating the appeal, which Defendants characterize as duplicative of the parties' ongoing state-court litigation, *see* Defs. Opp'n at 6-7 (ECF No. 28), the loss of "a quick but unmerited victory" is not considered prejudicial. *Ahanchian*, 624 F.3d at 1262. Second, the length of the delay and impact on the proceedings is likewise minimal where the delay constituted little over one week, and the Ninth Circuit has already stayed Plaintiff's appeal until December 18, 2026. *See* Order, *BAM Properties, LLC v. City of Oroville*, No. 26-6448 (9th Cir. Oct. 21, 2026), ECF No. 8. The Court also declines to adopt Defendant's calculation of the period of "practical" delay as 22 days starting after Plaintiff instructed counsel to proceed with the appeal on September 3, 2026. *See* Defs. Opp'n at 7. Third, the parties do not dispute that Plaintiff and Plaintiff's counsel have acted in good faith throughout this process. *See* Pl. Mot. at 3-4; Defs. Opp'n at 4.

Finally, although Plaintiff's stated reason for the delay is not strong, this factor is not fatal to Plaintiff's motion. Courts in the Ninth Circuit have found excusable neglect in failing to meet filing deadlines even when, as here, the delay was based on negligent calendaring mistakes. *See Pincay*, 389 F.3d at 858-59 (affirming extension of time to file

notice of appeal where counsel negligently relied on paralegal to calculate deadline and failed to read applicable legal rule); *Ahanchian*, 624 F.3d at 1257 n.4, 1262 (reversing denial of motion to allow late opposition to summary judgment where counsel explained "his office had made a calendaring error"); *Herbert v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 88352, at *3-4 (N.D. Cal. Jan. 13, 2009) (granting extension of time to file notice of appeal where counsel misapplied state-law deadline for filing notice of appeal instead of federal rule).

Here, Plaintiff's counsel attests that he made an "inadvertent calendaring error" by calendaring the deadline to file a notice of appeal as September 28, 2026 instead of the correct 30-day deadline from the Court's August 18, 2026 Order and Judgment, *i.e.*, September 17, 2026. Moenig Decl. ¶ 6. Plaintiff's counsel surmises that either he miscalculated the deadline by incorrectly entering the date of the Court's August 18, 2026 Order, or he inadvertently transposed the September 17, 2026 deadline when entering it on his calendaring spreadsheet. *Id.* Plaintiff's counsel asserts that he discovered this error on September 24, 2026 while preparing the notice of appeal and that he was unable to discover the error earlier due to personal medical issues that arose during the prior two weeks. *Id.* ¶ 8. Plaintiff filed this motion and a notice of appeal the following day, September 25, 2026. Pl. Mot; (ECF No. 23.) Where Plaintiff's "inadvertent calendaring error" is similar to other neglect that courts have excused, the Court concludes that the other *Pioneers* factors nonetheless establish excusable neglect. *See Pincay*, 389 F.3d at 859 (affirming finding of excusable neglect although "a lawyer's failure to read an applicable rule is one of the least compelling excuses that can be offered"); *Ahanchian*, 624 F.3d at 1262; *Herbert*, 2009 WL 88352, at *3-4.

Defendants argue in opposition that Plaintiff's explanation is undermined by the fact that Plaintiff's counsel appeared to unnecessarily delay in reviewing the Court's August 18, 2026 Order and in reviewing it with his client, so that it was not until September 3, 2026 that Plaintiff's counsel even calendared the deadline to file a notice of appeal. *See* Defs. Opp'n at 5-6. This argument is not persuasive. Plaintiff's counsel's

explanation of his error appears equally likely to have happened at the start of the period to file a notice of appeal as during the middle of the period.

Further, other factors referenced in *Pincay* weigh in favor of permitting Plaintiff to proceed with its appeal. For example, it appears that Plaintiff's counsel was diligent in preparing the notice of appeal after counsel discovered the error, where it was filed the following day after counsel discovering his error. *See* Pl. Mot. Plaintiff's counsel also states he had personal medical issues during the relevant time period, including an MRI on September 15, 2026 and another MRI on September 23, 2026. *See* Pl. Mot. at 1-2; Moenig Decl. ¶¶ 8-10; *Herbert*, 2009 WL 88352, at *4 (finding circumstances equitable to grant extension of time given counsel's diligence within mis-calendared deadline). Finally, a denial of Plaintiff's motion would be inequitable insofar as it would deprive Plaintiff of the ability to appeal based on an eight-day delay. *See Herbert*, 2009 WL 88352, at *4 (granting extension for 19-day delay).

Accordingly, because the *Pioneer* factors and equity of circumstances balance in favor of permitting Plaintiff to file its notice of appeal eight days late, the Court grants Plaintiff's motion.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to file its notice of appeal through and including September 25, 2026 (ECF No. 24) is GRANTED;
2. Plaintiff's notice of appeal filed on September 25, 2026 (ECF No. 23) is accepted as timely filed pursuant to this order.

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, bam.0041.26